IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALLIED ENVIRONMENTAL SERVICES, INC. | * |
| | * |
| Plaintiff | * |
| v. | * |
| MICHAEL WILLIAM MURPHY<br>1006 Old Turkey Point Rd.<br>Edgewater, MD 20137 | * |
| | * |
| Defendant | * |
| | *  CASE NO. 15-14096 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ADVERSARY COMPLAINT
TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

Plaintiff, Allied Environmental Services Inc. ("Allied") by and through its attorneys, Brian D. Lyman and HILLMAN, BROWN & DARROW, P.A., files this Complaint seeking a determination of non-dischargeability of debt of Michael William Murphy ("Murphy"), the Debtor/Defendant, pursuant to 11 U.S.C. § 523(a)(4), and seeking recovery of property and damages, and for reasons states as follows:

**PARTIES**

1. Allied is a Maryland-based company conducting business throughout the Mid-Atlantic region, and a licensed well-driller.

2. Murphy is, on information and belief, a resident of the State of Maryland residing at 1006 Old Turkey Point Road, Edgewater, Maryland 20137.

**JURISDICTION**

3. On March 24, 2015, Murphy filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. This Court has subject matter and personal jurisdiction to hear and decide this matter pursuant to 28 U.S.C § 1334 (a)–(b), 28 U.S.C § 157(b)(2)(I), and 11 U.S.C. § 523(a)(4).

5. This adversary proceeding arises in and relates to the Chapter 7 case of Murphy.

6. This adversary proceeding involves core claims pursuant to 28 U.S.C § 157(b)(2)(I).

## FACTS COMMON TO ALL COUNTS

7. Murphy violated the Maryland Construction Trust Statute (Annotated Code of Maryland Real Property Article § 9-202) by failing to hold in trust $45,758.00 in payments received as an officer of Nexus Energy Homes, Inc. from property owners for payment to Allied (*See* Complaint, attached hereto and incorporated herein as **Exhibit A**).

8. On or about March 16, 2015 Judge Laura Kiessling entered an Order of Default as to Murphy (*See* Order of Default, attached hereto and incorporated herein as **Exhibit B**) in the Circuit Court for Anne Arundel County Case No. 02-C-14-187186, which establishes liability pursuant to the Maryland Rules of Civil Procedure.

9. Allied and Nexus Energy Homes, Inc. entered into numerous contracts with Allied operating as subcontractor and Nexus Energy Homes, Inc. operating as general contractor and/or custom home builder.

10. The contracts at issue in this case spanned from January 2013 through July 2013, and were for the drilling and installation of geothermal loops and systems including horizontal plumbing for various projects throughout the State of Maryland.

11. Homeowners stated, under oath, that they paid Nexus Energy Homes, Inc. for services performed by Allied.

12. Upon information and belief all of the other homeowners paid, either at settlement or in accordance with their draw schedules, sums for the work and services performed by Allied.

13. Murphy was a Member of the Board of Directors, the "Executive Vice President," "Secretary," and "President of Construction" for Nexus Energy Homes, Inc.

14. Mr. Murphy had no direct supervisor in Nexus Energy Homes, Inc. He had full charge of all construction activities including vendor, supplier, and subcontractor acquisition and management (*See* Defendant V. Paul Zanecki's Answers to Plaintiff's Supplemental Interrogatories, attached hereto and incorporated herein as **Exhibit C**). Murphy oversaw day-to-day financial transactions for all construction, including tracking and receiving payments to Nexus and authorizing payments to Nexus' vendors and subcontractors.

15. In re Moore, 365 B.R. 589, 607 (Bankr. D. Md. 2007) states that "a corporate officer may be held personally liable for his or her own fraudulent conduct committed on behalf of the corporation which causes injury to another."

16. Liability pursuant to the Maryland Construction Trust Statute (Annotated Code of Maryland Real Property Article § 9-202) is joint and several for any officer, director, or managing agent of Nexus Energy Homes, Inc. who knowingly retained or used monies that should have been held in trust for the benefit of Allied for work properly performed by Allied upon the various homeowners' properties for Nexus. Murphy collected payments as an officer of Nexus and failed to pay Allied or maintain the funds in trust for Allied.

17. This debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

**COUNT I: VIOLATION OF 11 U.S.C. § 523(a)(4)**
**(ACTUAL FRAUD)**

18. Allied adopts by reference and incorporates herein their entirety all previous paragraphs of this Adversary Complaint as if set forth fully below.

19. As an officer of Nexus Energy Homes, Inc. Murphy owed a fiduciary duty to hold in trust payments received as from property owners for payment to Allied under the Maryland Construction Trust Statute (Annotated Code of Maryland Real Property Article § 9-202).

20. Murphy made material misrepresentations concerning payment to Allied. Murphy offered and promised payment to Allied, both verbal and in writing, with no intention of fulfilling them, to induce Allied to delay in enforcing its rights.

21. A fraudulent representation of future intentions is fraud if there is a present intent not to perform. Gross v. Sussex Inc., 332 Md. 247, 258 (1993) (holding that making a promise as to a matter material to the bargain with no intention to fulfill it is an actionable fraud).

22. Allied acted in reasonable reliance upon Murphy's intentional misrepresentations in forbearing filing of mechanics liens, and contract collection actions.

23. As the direct and proximate result of Murphy's intentional misrepresentations and concealments, Allied has suffered and continues to suffer severe economic harm.

24. In his capacity as an officer of Nexus Energy Homes, Inc. Murphy has acted with ill will, spite, and actual malice toward Allied, and failed to hold Allied's money in trust pursuant to the Maryland Construction Trust Statute (Annotated Code of Maryland Real Property Article § 9-202). Murphy has been defaulted in the Circuit Court litigation brought in Anne

Arundel County to declare his liability under the Maryland Construction Trust Statute, and is liable as alleged in Exhibit A, pursuant to Maryland Rule of Civil Procedure 2-613 (2015). *See* Exhibit B, attached hereto and incorporated herein and entered prior to filing of Murphy's Bankruptcy Petition.

WHEREFORE, Allied demands judgment against Murphy for Fraud, and for relief respectfully requests that this Court issue an Order:

A. Awarding Allied compensatory damages in the principal amount of Forty Five Thousand Seven Hundred and Fifty Eight Dollars ($45,758.00), plus pre- and post-judgment interest, costs, and reasonable attorneys' fees; and

B. Awarding Allied punitive damages in the amount of Twenty Thousand Dollars ($20,000); and

C. Ordering that said judgment debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4); and

D. Granting Allied any further relief this Court deems necessary and appropriate.

## COUNT II: VIOLATION OF 11 U.S.C. § 523(a)(4)
### (DEFALCATION)

25. Allied adopts by reference and incorporates herein their entirety all previous paragraphs of this Adversary Complaint as if set forth fully below.

26. As an officer of Nexus Energy Homes, Inc. Murphy owed a fiduciary duty to hold in trust payments received as from property owners for payment to Allied under the Maryland Construction Trust Statute.

27. Murphy diverted funds received by the homeowners for work done by Allied to other projects and/or his own personal use or payment of his own expenses and salary from Nexus.

28. Murphy promised to pay Allied, but failed to pay despite receiving all funds from homeowners for Allied's services performed for Nexus.

29. Murphy's actions as an officer of Nexus Energy Homes, Inc. constituted a violation of the Maryland Construction Trust Statute (Annotated Code of Maryland Real Property Article § 9-202). See Exhibit B.

WHEREFORE, Allied demands judgment against Murphy for Defalcation, and for relief respectfully requests that this Court issue an Order:

    A.    Awarding Allied compensatory damages in the principal amount of Forty Five Thousand Seven Hundred and Fifty Eight Dollars ($45,758.00), plus pre- and post-judgment interest, costs, and reasonable attorneys' fees; and

    B.    Awarding Allied punitive damages in the amount of Twenty Thousand Dollars ($20,000); and

    C.    Ordering that said judgment debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4); and

    D.    Granting Allied any further relief this Court deems necessary and appropriate.

### COUNT III: DECLARATORY JUDGMENT

30.    Allied adopts by reference and incorporates herein their entirety all previous paragraphs of this Adversary Complaint as if set forth fully below.

WHEREFORE, Allied demands that this Court enter a declaratory judgment and decree as follows:

    A.    Declaring that Murphy, as an officer of Nexus Energy Homes, Inc., violated the Maryland Construction Trust Statute (Annotated Code of Maryland Real Property Article § 9-202), as determined by Murphy's Default in the Circuit Court for Anne Arundel County, Case No. 02-C-14-187186.  *See* Exhibit B.

    B.    Enter Judgment in favor of Allied the amount of Forty Five Thousand Seven Hundred and Fifty Eight Dollars ($45,758.00), plus pre and post-judgment interest, costs, punitive damages, and reasonable attorneys' fees; and

    C.    Ordering that said judgment debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4); and

    D.    Providing Allied with any further relief deemed necessary and appropriate by this Court.

Date: 6/19/2015        /S/_____

        Brian D. Lyman    bdl@hbdlaw.com
        Federal Bar No. 27360
        HILLMAN, BROWN & DARROW, P.A.
        221 Duke of Gloucester Street
        Annapolis, Maryland 21401-2500
        410-263-3131/(fax) 410-269-7912
        Attorney for Plaintiff